No. 586      November 8, 2023      107

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. T.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*and*

J. T.,
*Respondent,*

*v.*

B. N.,
*Appellant.*

Deschutes County Circuit Court
22JU03767; A181189 (Control)

In the Matter of J. M. D.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*and*

J. M. D.,
*Respondent,*

*v.*

B. N.,
Appellant.

Deschutes County Circuit Court
22JU03768; A181190

Bethany P. Flint, Judge.

Submitted October 10, 2023.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Ginger Fitch and Youth, Rights & Justice filed the brief for respondent children.

Before Egan, Presiding Judge, and Kamins, Judge, and DeVore, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

In these consolidated cases, mother appeals from disposition judgments in which the juvenile court ruled that the Department of Human Services (DHS) made reasonable efforts to reunify her with her daughters, R and M. In two assignments of error, mother asserts that the juvenile court erred in ruling that DHS's efforts as to both children qualified as "reasonable." We affirm.

In a combined argument, mother contends that DHS failed to make reasonable efforts to reunify her with R and M.[1] *See* ORS 419B.476(2) ("At a permanency hearing the court shall: * * * determine whether [DHS] has made reasonable efforts * * *). Specifically, mother contends that DHS failed to make reasonable efforts because it refused to collaborate with mother on her action agreement; it failed to "address [mother's] communication barriers with the department"; and it did not "ensure that mother could best avail herself of the supports offered, such as transportation to visits." Indeed, the Citizen Review Board (CRB)[2] observed communication challenges between mother and her DHS caseworker—which the CRB points out may have been exacerbated by mother's substance use—"making it more difficult for the two parties to have a positive and productive working relationship for the purposes of effectuating safe reunification." DHS argues that despite the CRB's findings, there was evidence from which the juvenile court could determine that its efforts were reasonable to reunify mother with her children. That evidence, DHS asserts, reflects mother's continual unwillingness to engage with DHS.

We are "bound by the juvenile court's factual findings as to what efforts DHS has made, so long as there is any evidence in the record to support them;" however, whether

---

[1] DHS separates the argument because it sees R's case as distinct from M's "in at least two respects: (1) the juvenile court took jurisdiction over [M] just ten weeks before the dispositional hearing and (2) the [Citizen Review Board] never reviewed [M]'s case before the dispositional hearing." Because the facts underlying the Citizen Review Board's findings are based on the same facts relating to both children, we consider the arguments together.

[2] The CRB is a local volunteer board that provides public oversight to foster care cases. The CRB reviews a child's or ward's case and sends its recommendations to all relevant legal parties in the case, including the court. *See* ORS 419A.090 - 419A.128.

DHS made "reasonable efforts" is a legal conclusion that we review for errors of law. *Dept. of Human Services v. K. G. T.*, 306 Or App 368, 370, 473 P3d 131 (2020). Applying that standard of review, we affirm.

The juvenile court determined that, although "there's likely a personality disconnect" between mother and DHS, DHS nevertheless had made reasonable efforts towards reunification. The record indicates that DHS provided referral services to mother, including housing services, alcohol and drug support services, and counseling and therapeutic services. DHS addressed the transportation issues by driving mother to visits with her children.[3] Accounting for the totality of circumstances, which includes DHS's attempts to engage with mother and mother's reluctance to engage with DHS, we agree with the juvenile court that DHS made reasonable efforts towards reunification. *See Dept. of Human Services v. M. K.*, 257 Or App 409, 418-19, 306 P3d 763 (2013) (explaining that the "reasonableness of DHS's efforts depends on the totality of circumstances of the parent and child").

Affirmed.

---

[3] Although we agree with the trial court that DHS provided reasonable services as required by statute, we observe that the CRB's concerns are rational. Had DHS been more responsive to mother's concerns over the Action Agreement, particularly considering mother's mistrust of DHS, her participation in services may have been more fulsome.