296 January 2, 2025 No. 16

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. T.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. N.,
*Appellant.*

Deschutes County Circuit Court
22JU03767; A184375 (Control)

In the Matter of J. M. D.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. N.,
*Appellant.*

Deschutes County Circuit Court
22JU03768; A184377

Alycia M. Herriott, Judge.

Submitted November 1, 2024.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

In this consolidated juvenile dependency appeal, mother appeals from a judgment changing the permanency plan for her two children, T and D, from reunification to guardianship.[1] In four assignments of error (two for each child), she asserts that the juvenile court erred in determining that the Department of Human Services (DHS) made reasonable efforts to reunify her with her children, and thus erred in changing the permanency plan away from reunification. We conclude that legally sufficient evidence supports the juvenile court's determination that DHS's efforts were reasonable and we therefore affirm.

In the absence of *de novo* review, which is not requested or warranted in this case, "we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit" the permanency plan change. *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). We are "bound by the juvenile court's factual findings as to what efforts DHS has made, so long as there is any evidence in the record to support them." *Dept. of Human Services v. J. D. R.*, 312 Or App 510, 512, 493 P3d 567 (2021). Whether DHS's efforts constitute "reasonable efforts" for purposes of ORS 419B.476(2)(a) is a question of law that we review for legal error. *Dept. of Human Services v. K. G. T.*, 306 Or App 368, 370, 473 P3d 131 (2020).

Before the court may change a plan from reunification to anything else, "DHS must prove by a preponderance of the evidence both that (1) DHS made reasonable efforts to make it possible for the child to be reunified with his or her parent, and (2) despite those efforts, the parent's progress was insufficient to make reunification possible." *Id.* at 374. For purposes of ORS 419B.476(2)(a), "reasonable efforts" are those "that focus on ameliorating the adjudicated bases for jurisdiction, and that give parents a reasonable opportunity to demonstrate their ability to adjust their conduct and become minimally adequate parents." *Dept. of Human*

---

[1] The children's fathers are not parties to this appeal.

*Services v. W. M.*, 310 Or App 594, 598, 485 P3d 316 (2021) (internal quotation marks omitted).

Having reviewed the record, we conclude that the evidence is legally sufficient to support the juvenile court's determination that DHS's efforts were reasonable. The sole jurisdictional basis with respect to mother was that "mother's substance use disorder, unless in sustained recovery, interferes with her ability to safely parent the child[ren]." The juvenile court found that DHS's efforts included referrals to substance use treatment services, mental health assessment and treatment, in-home safety planning, housing assistance, and parenting classes; transportation assistance; payment of cell phone bills; visitation arrangements; and family engagement meetings and case planning.

Mother asserts that DHS's efforts were not reasonable because they were not specifically tailored to her particular needs. Specifically, she argues that DHS did not work diligently to identify her mental health issues that were causing barriers to her engagement in services, and merely repeatedly referred her to substance abuse treatment. However, the juvenile court's finding that DHS referred mother to mental health assessment and treatment services and substance use treatment services, with no meaningful engagement or follow-through from mother, is supported by the record. Although we are mindful that mother's relationship with her first caseworker was strained and she reportedly did not feel comfortable sharing her mental health struggles with the first caseworker, by all accounts she had a more productive relationship with the subsequent caseworker, who had been assigned to her case for seven months by the time of the permanency hearing.[2] The court found that, despite the improved relationship and mother's expressed

_____

[2] In February 2023, a Citizen Review Board (CRB) report concluded that DHS had not made reasonable efforts with respect to mother, noting that the contentious relationship between mother and the current case worker made it more difficult for mother to have a productive relationship and adjust her circumstances. A subsequent dispositional judgment concluded that DHS *had* engaged in reasonable efforts; that judgment was upheld on appeal in a nonprecedential opinion. *Dept. of Human Services v. B. N.*, 329 Or App 107 (2023) (nonprecedential memorandum opinion). A later CRB report from October 2023 concluded that efforts had been reasonable, noting that DHS had assisted mother with her phone, allowing for more consistent communication, and expressing optimism that the change in caseworker would lead to a better relationship between mother and the agency.

motivation for change, progress had continued to be marred by missed appointments and mother's inability to commit to the action plan or to attend mental health appointments set up by the agency. Any actual or perceived shortcomings in DHS's handling of the earlier phase of the case must be evaluated in context of the life of the case. *Dept. of Human Services v. C. H.*, 373 Or 26, 58, 559 P3d 395 (2024) (noting that the record permitted the court to conclude that the agency had made reasonable efforts over the two years of involvement with the family, despite shortcomings on DHS's part in handling disputes and in reaching out to the parents in the final few months leading up to the hearing). Indeed, the focus of a reasonable-efforts analysis is "on the period of time leading up to the permanency hearing," a time during which the subsequent case worker was productively engaged with mother. *W. M.*, 310 Or App at 598.

Considering the totality of the circumstances, the juvenile court did not err in determining that DHS had engaged in reasonable efforts. Mother has not challenged the juvenile court's determination that her progress had been insufficient to make reunification possible within a reasonable time. The juvenile court therefore did not err in changing the permanency plan away from reunification.

Affirmed.